TH:ALK/DR/KRA
F. #2022R00240

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* DECEMBER 11, 2025 *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

POLAD OMAROV,
[redacted]
ZIALAT MAMEDOV,
also known as "Ziko" and
DEMETRIUS LEFTWICH,
also known as "Man Man,"

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 22-482 (S-4) (PKC)

(T. 18, U.S.C., §§ 371, 875(b), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 981(a)(1)(C), 1951(a), 1962(d), 1963(a), 1963(m), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

1. The defendants POLAD OMAROV, [redacted] and ZIALAT MAMEDOV, also known as "Ziko," together with others, were affiliated with *Vory v Zakone*, also known as the Thieves-in-Law or the "Russian Mob," an organized criminal group. OMAROV, [redacted] MAMEDOV and others formed a group (the "Organization") that engaged in, among other things, acts involving murder, assault, extortion, kidnapping, robbery and arson. The *Vory v Zakone* at times directed and participated in some of the criminal activities of the Organization.

2. The Organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Organization. The Organization operated in the Eastern District of New York and elsewhere.

3. The defendants POLAD OMAROV, [redacted] and ZIALAT MAMEDOV, also known as "Ziko," were members of the Organization and participated in unlawful and other activity in furtherance of the conduct of the Organization's affairs.

<u>The Purposes of the Enterprise</u>

4. The purposes of the Organization included, but were not limited to, the following:

(a) enriching the members and associates of the Organization through, among other things, extortion, kidnapping, murder, money laundering and bank fraud; and

(b) preserving, enhancing, promoting and protecting the power, territory, and financial profits of the Organization through acts involving murder, assault, robbery, kidnapping, extortion, arson, and other acts of violence and intimidation and threats of physical and economic harm.

Means and Methods of the Enterprise

5. The means and methods by which members and associates of the Organization conducted and participated in the conduct of the affairs of the Organization included, but were not limited to, the following:

(a) members and associates of the Organization generated money for the Organization's members and associates through various criminal activities including, but not limited to, acts involving murder, assault, robbery, kidnapping, extortion, arson, money laundering and bank fraud.

(b) members and associates of the Organization enhanced, preserved, promoted and protected the power and financial profits of the Organization through violence, intimidation and threats of physical and economic harm.

(c) members and associates of the Organization engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.

COUNT ONE
(Racketeering Conspiracy)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between August 2020 and January 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV, [redacted] and ZIALAT MAMEDOV, also known as "Ziko," together with others, being persons employed by and associated with the Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate

Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

8. The pattern of racketeering activity through which the defendants POLAD OMAROV, [redacted] and ZIALAT MAMEDOV, together with others, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of (a) multiple acts involving (i) murder, chargeable under New York Penal Law Sections 125.25, 110.00, 105.15 and 20.00, (ii) kidnapping, chargeable under New York Penal Law Sections 135.20, 110.00, 105.10 and 20.00, (iii) arson, chargeable under New York Penal Law Sections 150.15, 150.10, 110.00, 105.10, and 20.00, and (iv) extortion, chargeable under New York Penal Law Sections 155.40, 155.30, 110.00, 105.10 and 20.00; and (b) multiple acts indictable under Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion) and 1956 (relating to the laundering of monetary instruments). It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT TWO
(Hobbs Act Extortion Conspiracy – John Doe #1)

9. In or about and between November 2021 and January 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV, [redacted] ZIALAT MAMEDOV, also known as "Ziko," and DEMETRIUS LEFTWICH, also known as "Man Man," together with others, did knowingly and intentionally conspire to obstruct, delay and

affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: United States currency, from John Doe #1, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT THREE
(Hobbs Act Extortion – John Doe #1)

10. In or about and between November 2021 and January 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV, [redacted] ZIALAT MAMEDOV, also known as "Ziko," and DEMETRIUS LEFTWICH, also known as "Man Man," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: United States currency, from John Doe #1, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT FOUR
(Transmission of Extortionate Threats in Interstate Commerce)

11. In or about and between November 2021 and January 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV, [redacted] and ZIALAT MAMEDOV, also known as "Ziko," together with others, with intent to extort from a person, to wit: John Doe #1, money and other things of value, did knowingly and intentionally transmit in

interstate and foreign commerce one or more communications containing threats to injure the person of another, to wit: threats to injure John Doe #1.

(Title 18, United States Code, Sections 875(b), 2 and 3551 et seq.)

COUNT FIVE
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

12. On or about March 7, 2022, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV, [redacted] and ZIALAT MAMEDOV, also known as "Ziko," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Four, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT SIX
(Hobbs Act Extortion Conspiracy – John Doe #2)

13. In or about and between April 2022 and January 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV and [redacted], together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: United States currency, from John Doe #2, an individual

whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT SEVEN
(Hobbs Act Extortion – John Doe #2)

14. In or about and between April 2022 and January 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants POLAD OMAROV and [redacted], together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others obtained property, to wit: United States currency, from John Doe #2, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

[redacted]

[redacted]

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

17. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, THREE, FOUR, SIX, SEVEN AND EIGHT

19. The United States hereby gives notice to the defendants charged in Counts Two, Three, Four, Six, Seven and Eight that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with: with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived

from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT FIVE

21. The United States hereby gives notice to the defendants charged in Count Five, that upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924.

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

/s/

FOREPERSON

By: Whitman G.S. Knapp, AUSA

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK